Brad LESLEY, Plaintiff–Appellant,

v.

SPIKE TV, a division of MTV Networks, Inc., a Delaware corporation; et al., Defendants–Appellees.

No. 05–56063.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2007.*

Filed May 15, 2007.

Ted S. Ward, Esq., Ward Stark & Harrison, Los Angeles, CA, for Plaintiff–Appellant.

Shannon M. Hansen, Valerie Hung Leung, Kirkland & Ellis, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Brad Lesley appeals the district court's grant of summary judgment in favor of Spike TV, Tokyo Broadcasting System ("TBS"), and Bellon Entertainment in his action for copyright infringement and breach of contract. We affirm.

## I. Copyright Infringement

■ Copyright protection is available only for "original works of authorship." 17 U.S.C. § 102(a). A work qualifies as original if it "was independently created by the author (as opposed to copied from other works)" and "possesses at least some minimal degree of creativity." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Even if improvised, "commonplace" expressions—those expressions naturally associated with a given idea or setting—"are treated like ideas and therefore not protected by copyright." *Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir.2004).

Lesley has not adduced sufficient evidence to show a genuine issue on whether his performance was sufficiently creative. His expressions were naturally associated with the theme of the show and, therefore, were "commonplace." Likewise, Lesley's non-verbal acts naturally flowed from the show's structure and atmosphere as contemplated by the producers.

■ Furthermore, we agree with the district court's alternative grounds for summary judgment. Even if we were to find that Lesley's performance was copyrightable, it was a work "made for hire." 17 U.S.C. § 201(b). TBS entered into a loan-out agreement with Miya Enterprises to have Lesley appear on the show, decided in which games Lesley would partici-

pate, and determined what segments of his performance would be broadcast. That Lesley's performance was unscripted is irrelevant. The hiring party need not exercise complete editorial control over a work for hire. *See, e.g., Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 880 (9th Cir.2005).

## II. Breach of Contract Claim

■ Under Japanese law, a contract for an exchange of property or services is enforceable irrespective of whether it is oral or written. However, a contract for the gratuitous transfer of property is enforceable only if written. *See* Minpo § 550.

Lesley was contractually bound to appear in the television show before the dinner meeting in question. Even accepting Lesley's account of the meeting, an oral promise to not license the program for broadcast outside of Japan was gratuitous and therefore unenforceable under Japanese law.

Furthermore, Lesley has adduced no evidence demonstrating that Kunihiko Katsura had actual or ostensible authority to bind TBS into the claimed broadcast restriction.

## III. Motion for a Continuance

A party requesting a continuance under Fed. R. Civ. P. 56(f) "must show (1) that [it] ha[s] set forth in affidavit form the specific facts that [it] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998). "References

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in memoranda and declarations to a need for discovery do not qualify...." *Id.* (citation and internal quotations omitted). Failure to comply with this requirement is grounds for denial. *Id.*

Lesley's Rule 56(f) motion was defective. The request was made in two memoranda in opposition to the defendants' motion for summary judgment. Lesley attached a declaration from his attorney listing the defendants' alleged discovery abuses and copies of his Rule 30(b)(6) notices of deposition. Yet, at no point did Lesley identify in affidavit form the specific facts that further discovery would have revealed; nor did he explain why those facts would have precluded summary judgment. As a result, the district court did not err when it denied the motion.

AFFIRMED.